# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1777

_____

In re: Payless Cashways, Inc.             *
                                          *
            Debtor                        *
_____           *
                                          *
Silverman Consulting, Inc.,               *
Chapter 11 Trustee for Payless            *
Cashways, Inc.,                           *   Appeal from the United States
                                          *   Bankruptcy Appellate Panel.
            Appellant,                     *
                                          *      [PUBLISHED]
      v.                                  *
                                          *
Canfor Wood Products Marketing,           *
doing business as Canadian Forest         *
Products Ltd., doing business as          *
Canfor U.S.A. Corp., doing business       *
as Canfor Panel & Fibre Marketing         *
Ltd.,                                     *
            Appellee.                     *

_____

Submitted: December 13, 2004
Filed: January 18, 2005

_____

Before MELLOY, BRIGHT, and BENTON, Circuit Judges.

_____

PER CURIAM.

In this bankruptcy action, plaintiff-appellant Silverman Consulting, Inc. (Silverman), the Chapter 11 trustee for debtor Payless Cashways, Inc. (Payless), sought to recover, as preferential, four payments Payless made to defendant-appellee Canfor Corp. and Canfor Wood Products Marketing Ltd. (collectively Canfor). Canfor asserted the defense of contemporaneous exchange for new value under 11 U.S.C. § 547(c)(1). The bankruptcy court[1] ruled that Silverman cannot recover the transfers made to Canfor, because Canfor met its burden of proof to establish that the transfers were for new value in a contemporaneous exchange transaction and thus were not avoidable. In re Payless Cashways, Inc., Case No. 01-42643 (Bankr. W. D. Mo. Aug. 13, 2003). The Bankruptcy Appellate Panel (BAP)[2] affirmed the bankruptcy court's decision. In re Payless Cashways, Inc., 306 B.R. 243 (8th Cir. BAP 2004).

Silverman appeals contending that the parties intended the transfers to be credit transactions. Silverman also contends no contemporaneous exchange occurred and that new value was not given upon delivery of the lumber orders.

The bankruptcy court and the BAP analyzed the transactions in question between debtor Payless and Canfor and both courts agreed that Silverman cannot avoid the transfers.

We review the bankruptcy court's findings of fact for clear error and review de novo the legal conclusions of the bankruptcy court and the BAP. Blackwell v. Lurie

---

[1]The Honorable Arthur B. Federman, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

[2]The Bankruptcy Appellate Panel consisted of the Honorable Barry S. Schermer, United States Bankruptcy Appellate Panel, Eighth Circuit; the Honorable Nancy C. Dreher, United States Bankruptcy Appellate Panel, Eighth Circuit; and the Honorable Timothy J. Mahoney, United States Bankruptcy Appellate Panel, Eighth Circuit. The Honorable Nancy C. Dreher wrote the opinion for the panel.

(In re Popkin & Stern), 223 F.3d 764, 765 (8th Cir. 2000). After carefully reviewing this case, we see no clearly erroneous findings and conclude the BAP thoroughly analyzed the issues and properly applied the law. The BAP has written a comprehensive, well-reasoned opinion covering all issues presented on this appeal, with which we agree. Our elaboration on that opinion would serve no purpose. Accordingly, we affirm on the basis of the BAP's published opinion.

_____